MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendants
By: SERRIN TURNER
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel. No. (212) 637-2701
Fax No. (212) 637-2686

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
AMERICAN CIVIL LIBERTIES UNION;          :
AMERICAN CIVIL LIBERTIES UNION           :
FOUNDATION,                              :
                                         :
                    Plaintiffs,          :    **ANSWER**
                                         :
        v.                               :    08 Civ. 3584 (VM)
                                         :
FEDERAL BUREAU OF INVESTIGATION,         :    **ELECTRONICALLY FILED**
                                         :
                    Defendant.           ::
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Defendant, the Federal Bureau of Investigation ("FBI"), by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully answers plaintiffs' complaint on information and belief as follows:

       1.      This paragraph sets forth plaintiffs' description of their claims, to which no response is required.

       2.      Deny knowledge or information sufficient to form a belief as to the truth of this paragraph, except to admit that the FBI received a Freedom of Information Act ("FOIA") request from plaintiffs dated November 29, 2007. Defendant respectfully refers the Court to the FOIA request itself for a complete and accurate recitation of its contents.

3. This paragraph sets forth plaintiffs' statement of jurisdiction and venue, to which no response is required.

4. Deny knowledge or information sufficient to form a belief as to this paragraph.

5. Deny knowledge or information sufficient to form a belief as to this paragraph.

6. Deny.

7. This paragraph consists of plaintiffs' characterization of the statutory authority governing national security letters ("NSLs"), to which no response is required. Defendant respectfully refers the Court to the referenced statutory authorities for a complete and accurate statement of their contents.

8. This paragraph consists of plaintiffs' characterization of the statutory authority governing NSLs, to which no response is required. Defendant respectfully refers the Court to the referenced statutory authorities for a complete and accurate statement of their contents.

9. This paragraph consists of plaintiffs' characterization of the statutory authority governing NSL, to which no response is required. Defendant respectfully refers the Court to the referenced statutory authorities for a complete and accurate statement of their contents.

10. This paragraph characterizes the report referenced therein, *see* A Review of the Federal Bureau of Investigation's Use of National Security Letters, *available at* http://www.usdoj.gov/oig/special/s0703b/final.pdf, to which defendant respectfully refers the Court for a complete and accurate statement of its contents.

11. This paragraph characterizes the news reports cited therein, to which defendant respectfully refers the Court for a complete and accurate statement of its contents.

12. This paragraph characterizes the news reports and congressional hearings cited therein, to which defendant respectfully refers the Court for a complete and accurate statement of their contents.

13. This paragraph characterizes the news reports cited therein, to which defendant respectfully refers the Court for a complete and accurate statement of their contents.

14. Admit that the ACLU filed the referenced FOIA requests and lawsuit. Deny knowledge or information sufficient to form a belief as to the truth of the remainder of this paragraph.

15. Deny the first sentence except to admit that the Department of Defense released documents to plaintiffs in response to their FOIA request concerning NSLs. The second sentence characterizes the news reports cited in the remainder of this paragraph, to which defendant respectfully refers the Court for a full and accurate statement of their contents.

16. The first sentence characterizes the cited district court decision, to which defendant respectfully refers the Court for a full and complete statement of its contents. Admit the second sentence. The remainder of this paragraph characterizes the news reports cited therein, to which defendant respectfully refers the Court for a complete and accurate statement of their contents.

17. This paragraph characterizes the report referenced therein, *see* A Review of the FBI's Use of National Security Letters: Assessment of Corrective Actions and Examination of NSL Usage in 2006, *available at* http://www.usdoj.gov/oig/special/s0803b/final.pdf, to which defendant respectfully refers the Court for a complete and accurate statement of its contents.

18.    This paragraph characterizes the news reports cited therein, to which defendant respectfully refers the Court for a complete and accurate statement of their contents.

19.    Deny knowledge or information sufficient to form a belief as to this paragraph, except to admit that the FBI received a FOIA request from the ACLU dated November 29, 2007, seeking the records described in this paragraph.

20.    Admit.

21.    Admit.

22.    Admit.

23.    Admit.

24.    This paragraph states a conclusion of law to which no answer is required, but insofar as an answer may be deemed required, deny.

25.    This paragraph states conclusions of law to which no answer is required, but insofar as an answer may be deemed required, deny.

26.    The first sentence states a conclusion of law to which no answer is required, but insofar as an answer may be deemed required, deny.  Deny the remainder, and the Court is respectfully referred to the plaintiffs' FOIA request for an complete and accurate recitation of its contents.

27.    This paragraph states conclusions of law to which no answer is required, but insofar as an answer may be deemed required, deny.

28.    The first sentence states a conclusion of law to which no answer is required, but insofar as an answer may be deemed required, deny.  Deny knowledge or information sufficient to form a belief as to the truth of the remainder of this paragraph.

29. This paragraph states conclusions of law to which no answer is required, but insofar as an answer may be deemed required, deny.

30. This paragraph states conclusions of law to which no answer is required, but insofar as an answer may be deemed required, deny.

31. This paragraph states conclusions of law to which no answer is required, but insofar as an answer may be deemed required, deny.

32. This paragraph states a conclusion of law to which no answer is required, but insofar as an answer may be deemed required, deny.

33. Deny knowledge or information sufficient to form a belief as to the truth of the fourth sentence. The remainder of the paragraph states conclusions of law to which no answer is required, but insofar as an answer may be deemed required, deny.

34. This paragraph states a conclusion of law to which no answer is required, but insofar as an answer may be deemed required, deny.

35. This paragraph states a conclusion of law to which no answer is required, but insofar as an answer may be deemed required, deny.

36. This paragraph states a conclusion of law to which no answer is required, but insofar as an answer may be deemed required, deny.

37. This paragraph states a conclusion of law to which no answer is required, but insofar as an answer may be deemed required, deny.

38. This paragraph states a conclusion of law to which no answer is required, but insofar as an answer may be deemed required, deny.

39.     This paragraph states a conclusion of law to which no answer is required, but insofar as an answer may be deemed required, deny.

The remaining paragraph sets forth plaintiffs' prayer for relief, to which no response is required. To the extent a response is deemed required, defendants deny that plaintiffs are entitled to the relief sought.

### FIRST DEFENSE

The complaint fails to state a claim on which relief can be granted.

### SECOND DEFENSE

Plaintiffs failed to exhaust all of their administrative remedies.

### THIRD DEFENSE

The Court lacks subject matter jurisdiction insofar as plaintiffs' request for relief exceeds the relief authorized by statute under the FOIA, 5 U.S.C. § 552.

### FOURTH DEFENSE

The FBI is not a proper party defendant to this action. Pursuant to 5 U.S.C. § 552(f)(1), the proper party defendant is the U.S. Department of Justice.

WHEREFORE, defendants demand judgment dismissing the complaint and granting such further relief as this Court deems just, including costs and disbursements.

//

//

//

//

//

Dated: New York, New York
      May 16, 2008

                                          Respectfully submitted,

                                          MICHAEL J. GARCIA
                                          United States Attorney for the
                                          Southern District of New York
                                          Attorney for Defendants

By:      /s/ Serrin Turner
           SERRIN TURNER (ST-0646)
           Assistant United States Attorney
           86 Chambers Street
           New York, New York 10007
           Tel.: (212) 637-2701
           Fax: (212) 637-2686